UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOC LE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-0122-B |
| | § | |
| CVS RX SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss or, in the Alternative, to Stay Proceedings and Compel Arbitration (Doc. 5). Defendant states Plaintiff's claims are covered by a "valid and binding arbitration agreement." Doc. 6, Br. Supp., 1. Plaintiff filed a deficient response to this Motion on February 14, 2023. *See* Doc. 8, Resp. The Court struck Plaintiff's Response and stated, "[i]f Plaintiff wishes to file a response to Defendant's motion, he must now seek leave to do so **ON OR BEFORE MARCH 3, 2023.**" Doc. 9, Order, 2. The Court also noted that, "[f]ailure to seek leave will result in the Court considering Defendant's Motion without opposition briefing." *Id.* The Court's deadline has passed and Plaintiff has not sought leave to file a response. Thus, the Court considers Defendant's Motion below.

Typically, the court must conduct a two-step analysis to determine whether a valid arbitration agreement exists and is enforceable. *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). First, the court must determine whether the parties entered into an arbitration agreement. *Id.* Second, it must determine if the plaintiff's claim is covered by the arbitration agreement. *Id.*

- 1 -

However, the presence of a delegation clause in the agreement will change the court's analysis. *Id.* "Delegation clauses are enforceable and transfer the court's power to decide arbitrability questions to the arbitrator." *Id.* at 202. "Thus, if the party seeking arbitration points to a purported delegation clause, the court's analysis is limited." *Id.* The court will determine if a valid agreement exists and then whether the delegation clause "evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Id.*

Here, as to the first step, Defendant has demonstrated that a valid arbitration agreement exists between the parties. In October 2014, Defendant introduced an arbitration policy where participating employees and Defendant agreed to "each waive the right to bring any claims in court arising out of or related to a participating colleague's employment or the termination of the colleague's employment." Doc. 6, Br. Supp., 2. Defendant submitted evidence that Plaintiff signed an acknowledgment of the policy, completed a training on the policy, and failed to opt out of the policy by the given deadline. Doc. 6, Br. Supp., 2–5; Doc. 7, App., 32 (showing Plaintiff's completion of the arbitration training course). After reviewing the evidence, the Court finds the evidence shows, by a preponderance of the evidence, a valid agreement exists.

Second, the Court finds the agreement contains a delegation clause. The arbitration policy states that any claims involving "disputes arising out of or relating to the validity, enforceability or breach of this Policy" are covered by this agreement. Doc. 7, App., 10. This clause is similar to the delegation clause in *Kubala* which stated: "The arbitrator shall have the sole authority to rule on his/her own jurisdiction, including any challenges or objections with respect to the existence, applicability, scope, enforceability, construction, validity and interpretation of this Policy and any agreement to arbitrate a Covered Dispute." 830 F.3d at 204. Thus, the Court finds the policy

includes a valid and enforceable delegation clause.

Further, the parties agreed any arbitration would be governed by the American Arbitration Association Rules ("AAA Rules"). *See* Doc. 7, App., 11. "[T]he express adoption of these rules presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012). Because of the policy's adoption of the AAA Rules and the delegation clause, the Court finds Plaintiff's claim must be referred to arbitration to resolve any disputes of arbitrability. *See Kubala*, 830 F.3d at 203 (stating that if an agreement contains a delegation clause, the court "must refer the claim to arbitration absent some exceptional circumstance"); *Petrofac*, 687 F.3d at 675 (holding, given the parties' adoption of the AAA Rules, the arbitration panel properly determined whether the issue of damages was arbitrable).

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss or, in the Alternative, to Stay Proceedings and Compel Arbitration. This case is hereby **STAYED**, and the parties shall proceed to binding arbitration within 30 days of the execution of this order. The parties are **ORDERED** to notify the Court upon completion of the arbitration so the case may be reinstated.

SO ORDERED.

SIGNED: March 14, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE